IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-HC-2056-BO

LYNVAL NATHANIE WRIGHT,           )
          Petitioner,             )
                                  )
          v.                      )          **ORDER**
                                  )
JANET NAPOLITANO, et al.,         )
          Respondents.            )

Now before the court is petitioner's complaint for an initial review. Petitioner brings this

action under "the Mandamus and Administrative Procedure Acts" to "take the appropriate steps to

commence expedited deportation proceedings prior to his release from incarceration." (Pet. p.1)

"The federal courts are under an independent obligation to examine their own jurisdiction,"

FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and the court may not entertain an action

over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites

de Guinee, 456 U.S. 694, 701 (1982).

The Fifth Amendment entitles aliens to due process in deportation proceedings. Reno v.

Flores, 507 U.S. 292, 306 (1993)(citation omitted). However, the Supreme Court in Wong Wing

acknowledged that detention during such proceedings is a constitutionally valid aspect of the

deportation process. Wong Wing v. United States, 163 U.S. 228, 235 (1896). As a matter of law, it

is provided by statute that:

> (1) In the case of an alien who is convicted of an offense which makes the alien
> deportable, the Attorney General shall begin any removal proceeding as
> expeditiously as possible after the date of the conviction.

> (2) Nothing in this subsection shall be construed to create any substantive or
> procedural right or benefit that is legally enforceable by any party against the
> United States or its agencies or officers or any other person.

8 U.S.C. § 1229(d).

Petitioner is a convicted felon who is a citizen of Jamaica, not a citizen of the United States, and he is subject to deportation. However, he has no constitutional or statutory right to an expedited order of deportation. The Immigration and Naturalization Act ("INA"), provides that "[n]o cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D). Thus, courts have uniformly held that no alien has an individual right to compel the Attorney General or the INS to deport him. See, e.g., Prieto v. Gluch, 913 F.2d 1159 (6th Cir. 1990); Thye v. United States, 109 F.3d 127 (2d Cir. 1997) (per curiam); Hernandez-Avalos v. Immigration & Naturalization Serv., 50 F.3d 842 (10th Cir. 1995); Campos v. Immigration & Naturalization Serv., 62 F.3d 311 (9th Cir. 1995); Giddings v. Chandler, 979 F.2d 1104 (5th Cir. 1992); Aguirre v. Meese, 930 F.2d 1292 (7th Cir. 1991); see also Urbina-Mauricio v. Immigration & Naturalization Serv., 989 F.2d 1085, 1088 (9th Cir. 1993).

Neither is a prisoner entitled to an expedited hearing, or expedited deportation, though a mandamus action. Campos, 62 F.3d at 314. Furthermore, the courts have held that the INA precludes a prisoner from seeking an immediate deportation hearing through the Administrative Procedures Act (APA). See Silveyra v. Moschorack, 989 F.2d 1012, 1015 (9th Cir. 1993) ("no claim under the [APA] because 'immigration proceedings ... are not governed by the APA.'") (citing Ardestani v. INS, 502 U.S. 129, 133 (1991)).

For these reasons, petitioner's complaint is DISMISSED for lack of subject matter jurisdiction. Having so determined, all other pending motions are DENIED as MOOT (D.E. # 3).

SO ORDERED, this the 9 day of December 2010.

TERRENCE W. BOYLE
United States District Judge